UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
VEMICS, INC., et al.                            :
                                                :
                        Plaintiffs,             :
                                                :
            -against-                           :     **OPINION**
                                                :
                                                :     06 Civ. 8716 (RLC)
LOUIS MEADE, JR., et al.,                       :
                                                :
                        Defendants.             :
                                                X

APPEARANCES

Jeremy Wyeth Schulman
Shulman Rogers Gandal Pordy & Ecker P.A.
11921 Rockville Pike
Third Floor
Rockville , MD 20852
*Attorney for Plaintiffs*

Marc Laurance Abrams
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue, Suite 1200
New York , NY 10110
*Attorney for Plaintiffs*

David Scott Wachen
Shulman Rogers Gandal Pordy & Ecker, Pa
11921 Rockville Pike, Third Floor
Rockville , MD 20852
*Attorney for Plaintiffs*

Alicyn Beth Craig
McCusker, Anselmi, Rosen, Carvelli & Walsh(56thSt)
156 West 56th Street, Ste. 1702
New York , NY 10019
*Attorney for Defendants*

Bruce S. Rosen
McCusker, Anselmi, Rosen,Carvelli & Walsh, PC (NJ)
127 Main Street
Chatham , NJ 07928
*Attorney for Defendants*

Kelly Ann Noto
McCusker, Anselmi, Rosen,Carvelli & Walsh, PC (NJ)
127 Main Street
Chatham , NJ 07928
*Attorney for Defendants*

**ROBERT L. CARTER, District Judge**

Defendants Louis Meade, Jr., Dorothy Valenti, Michael Jesse, Ron Francesco, Vito Petruzzella, Dennis O'Brien, Ed Pedicine, Conrad Nowicki and Joseph Talarico ("Defendants") move for an order to enforce the terms of a settlement agreement that they reached with Plaintiffs Vemics, Inc. and Fred Zolla ("Plaintiffs") and to recover attorneys' fees and costs incurred as a result of the motion.  Plaintiffs oppose this motion and, in turn, move to compel Defendants to execute the settlement agreement.

## BACKGROUND

Between October 2003 and May 2004 Defendants invested $277,500 in Vemics, Inc, a company providing various internet based services.  In return, each Defendant received one or more original Notes bearing the signature of the Defendant noteholder and a Vemics senior officer payable in full upon maturity subject to certain subordination provisions.  On October 11, 2006, Plaintiffs filed a complaint alleging breach of contract, tortious interference and defamation.

On October 1, 2007, Plaintiffs advised the court that the Parties had reached an oral settlement agreement and requested that the court remove the matter from its trial calendar. Several iterations of a proposed settlement agreement were circulated.  On November 30, 2007, the Parties settled upon a document entitled "Confidential Settlement Agreement and Mutual Release" ("November 30 Agreement" or "Agreement") that they agree set forth in detail all the terms of the settlement with the exception of certain "non-interference" language.

## DISCUSSION

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it."  Meetings & Expositions, Inc. v.

3

Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974).  Here, neither Party disputes the validity of the November 30 Agreement.  They disagree, however, about their respective obligations as established therein.

"A settlement agreement is a contract that is interpreted according to general principles of contract law."  Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007).  Once entered into, the contract is binding and conclusive, and when a party chooses to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect.  Id.  Defendants request that the court enforce the settlement by compelling Plaintiffs to execute the Agreement and perform their payment obligations.  Plaintiffs argue that their obligation to transmit payment is conditioned upon Defendants' execution of the Agreement and Defendants' transmittal of certain original Notes, endorsed as specified.  The Agreement states in relevant part that "[f]ollowing execution by all parties of this Agreement and receipt by Plaintiffs of all of Defendants' original Notes, endorsed to CZ Ridge Enterprises, Inc. . . . Vemics shall send a certified or bank check (or other guaranteed funds) by overnight mail in the amount of $270,000."  (Defs.' Brief in Supp. of Mot. to Enforce the Settlement Agreement, Ex. C at 4.)

A condition precedent is "an act or event, other than a lapse of time, which must exist or occur before a duty of immediate performance or a promise arises."  Diffusion Fin. S.A.R.L. v. Smith, No. 95 Civ. 2140 (SAS), 1997 WL 272391, at *3 (S.D.N.Y. May 22, 1997) (quoting John D. Calamari and Joseph M. Perillo, *Contracts,* § 11-3 at 384 (2d ed. 1977)).  "If the condition precedent does not occur and is not excused according to the express or implied terms of the contract, the conditional duty is discharged."  Id.  "[A] condition precedent will be found only where the contract unambiguously expresses the

parties' intent to create such a condition." Royal Bank of Canada v. Beneficial Fin. Leasing Corp., No. 87 Civ. 1056 (JMC), 1992 WL 167339, at *4 (June 30, 1992) (citing Manning v. Michaels, 540 N.Y.S.2d 583, 584 (3d Dep't 1989)); Alden Separe's Sons Co. v. Casein Co., 106 N.Y.S. 980, 981-82 (2d Dep't 1907); The Abbaye v. United States Motor Cab Co., 128 N.Y.S. 697, 698 (N.Y. App. Term. 1911)). "New York courts are cautious when interpreting a contractual clause as a condition precedent, and they will 'interpret doubtful language as embodying a promise or constructive condition rather than an express condition . . . .'" Israel v. Chabra, 537 F.3d 86, 93 (2d Cir. 2008) (quoting Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co., 636 N.Y.S. 2d 734, 660 (1995)).

"There are two primary ways to create an express condition precedent. 'The easiest way . . . [is] to state that a given fact or act will operate as a condition.'" Royal Bank of Canada, 1992 WL 167339, at *5 (quoting John D. Calamari & Joseph M. Perillo, *The Law of Contracts,* § 11-7, at 442 (3d ed. 1987)). "The parties may also create a condition by drafting provisions which use the words 'such as, if, on condition that, subject to, and provided,' which as a general rule demonstrate an intent to make an express condition precedent." Id.

The November 30 Agreement incorporates language of express condition. The plain language of section 1 indicates that Plaintiffs' duty to make payment will follow the execution of the Agreement by all Parties and Plaintiffs' receipt of all of Defendants' original Notes. Plaintiffs represent to the court that they have executed the Agreement (see Pls.' Mem. of Law in Opp. To Defs.' Mot. to Enforce the Settlement Agreement at 2, 10). Therefore, Plaintiffs' duty to send a certified or bank check by overnight mail in the

5

amount of $270,000.00, payable to McCusker, Anselmi, Rosen, & Carvelli, P.C. is conditioned on Plaintiffs' receipt of all of Defendants' original Notes endorsed to CZ Ridge Enterprises, Inc.

Defendants do not dispute that they have not yet satisfied the conditions precedent, so they are precluded from compelling Plaintiffs to perform their payment obligations as set forth in section 1.  Accordingly, Defendants' motion to enforce the November 30 Agreement is denied.  Defendants' motion for attorneys' fees and costs is also denied.

Plaintiffs, for their part, move to compel Defendants to comply with the provisions of the Agreement.  Parties agree that the November 30 Agreement is a binding contract, and the court concludes that the document is valid and enforceable.  Therefore, the court has the duty to enforce it.  See Meetings & Expositions, Inc., 490 F.2d at 717.  Defendants are ordered to, within thirty (30) days from the date of entry of this Order, execute the November 30 Agreement and turn over to Plaintiffs all of Defendants' original Notes, endorsed to CZ Ridge Enterprises, Inc., as described in section 2 of the Agreement.

CONCLUSION

For the reasons above, Defendants' motion is denied and Plaintiffs' motion is granted. Plaintiffs may make an application for costs and attorneys fees within thirty (30) days from the date of entry of this order. This action is hereby dismissed in its entirety with prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

DATED:   New York, New York
         July 23, 2009

                                        Robert L. Carter
                                        United States District Judge